# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

KAREN DREWRY, an individual, )
)
    Plaintiff, )
)
v. ) Case No. CIV-16-1307-M
)
DANNY COX, an individual )
doing business as THE BROTHERS )
DUPREE, )
)
    Defendant. )

## **ORDER**

This matter is on the Court's September 2017 trial docket.

Before the Court is Defendant Danny Cox's Motion for Partial Summary Judgement and Brief in Support, filed July 3, 2017. On July 24, 2017, plaintiff filed her response, and on August 4, 2017, plaintiff filed her supplemental response. Defendant filed no reply. Based on the parties' submissions, the Court makes its determination.

I.    Introduction

Plaintiff owns the registered copyright for the album Buckhorn Opera, which features the song "Sleeping My Blues Away" ("Song"). The copyright was registered on April 25, 2013. In 2010, defendant recorded the Song, and defendant's recording of the Song was published on a CD entitled Home Grown Blues by the Oklahoma Blues Society. In 2014, defendant produced a CD which included the Song. While plaintiff disputes these facts, defendant contends that he produced 200 of the CDs with the Song on it at a cost of

$1,000. Defendant contends, which plaintiff disputes, that he gave away approximately 175 of the CDs and did not realize a profit from the CD that was produced in 2014.

Plaintiff filed this action on November 16, 2016, alleging defendant infringed on plaintiff's federally registered copyright, pursuant to 17 U.S.C. § 501 et seq., and that defendant published or caused to be published false statements concerning his alleged original authorship of the work in violation of the Oklahoma Deceptive Trade Practices Act ("ODTPA"), Okla.Stat. tit. 78, § 51 et seq. Plaintiff seeks damages and injunctive relief for defendant's alleged copyright infringement and violation of the ODTPA. Defendant now moves this Court for partial summary judgment on plaintiff's claims for damages and attorney fees and costs, pursuant to 17 U.S.C. §§ 504 and 505 and Okla. Stat. tit. 78, § 53.[1]

## II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

---

[1] Plaintiff concedes that she is not entitled to statutory damages pursuant to 17 U.S.C. § 504(c) and only seeks actual damages, pursuant to 17 U.S.C. § 504(b), for defendant's alleged copyright infringement of the Song.

2

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

   A.   Copyright Claim

   The United States copyright law provides that:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b). Further, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. A court with jurisdiction over a civil action alleging copyright infringement may also "grant temporary and final injunctions on such terms as it may deem reasonable to prevent infringement of a copyright." 17 U.S.C. § 502.

Defendant contends that plaintiff is not entitled to actual damages because she revealed she has not suffered any damages. Plaintiff contends that she is entitled to present her evidence as to her damages sustained a result of defendant's admitted infringement of the Song. Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that sufficient evidence has been presented to show plaintiff has suffered actual damages from defendant's copyright infringement of the Song. Specifically, in defendant's affidavit, he admits that he sold some of the CDs he published with the Song on it. *See* Exhibit C ¶6, Affidavit of Danny Cox, attached to defendant's motion for summary judgment ("The most I ever sold one of the CDs for was $5.00"). Further, plaintiff, in her response to defendant's interrogatory no. 2, responded that "Mr. Cox has received money from sales of records containing the infringing song. The money he has received is unknow[n] to me at present." Exhibit D, Response to Interrogatory No. 2, attached to defendant's motion for summary judgment. The Court finds the fact defendant admits he sold some of the CDs he published containing plaintiff's protected song, despite the fact that plaintiff is unaware of the amount of money defendant made from the sale of the CDs, is sufficient evidence to show defendant infringed on plaintiff's protected copyright, which as a result entitles her to actual damages. Therefore, defendant's motion for summary judgment as to plaintiff's claim for actual damages pursuant to 17 U.S.C. § 504(b) should be denied.

### B. Violation of the ODTPA

> The Oklahoma Deceptive Trade Practices Act (ODTPA) proscribes fourteen categories of conduct performed in the course of a person's business, vocation, or occupation, including: (1) passing off goods or services as those of another; (2) knowingly making a false representation as to the source, sponsorship, approval, or certification of goods or services; and (3) knowingly making a false representation as to affiliation, connection, association with, or certification by another.

*Kimray, Inc. v. Norriseal-Wellmark, Inc.*, No. CIV-16-1167-D, at *4 (W.D. Okla. May 8, 2017) (citing Okla. Stat. tit. 78, § 53(1)(2)&(3)). Further,

> Any person damaged or likely to be damaged by a deceptive trade practice of another may maintain an action in any court of equitable jurisdiction to prevent, restrain or enjoin such deceptive trade practice. Proof of actual monetary damages, loss of profits or intent shall not be required. If in such action damages are alleged and proved, the plaintiff, in addition to injunctive relief, shall be entitled to recover from the defendant the actual damages sustained by the person.

Okla. Stat. tit. 78, § 54(A).

Defendant, relying on *Conatzer v. American Mercury Ins. Co.,* 15 P.3d 1252 (Okla. Civ. App. 2000), contends that because plaintiff is not in business, she is not in competition with him and, therefore, cannot bring a claim for a violation of the ODTPA. *See id.* at 1254 ("It has been definitively established that [the ODPTA] protect[s] competing business interests. . ."). Plaintiff contends that defendant's reliance on *Conatzer* is misplaced, as this instant action claims that defendant's attribution of plaintiff's copyrighted work as that of defendant's own was a deceptive trade practice.

5

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has presented sufficient evidence to show that defendant violated the ODTPA and, therefore, plaintiff is entitled to damages. Specifically, while a nominal amount, defendant admits to deriving less than $50.00 from the CDs he published containing a copy or derivative performance of the Song. *See* Exhibit 1, Answers to Interrogatories Number 2 and 6, attached to Plaintiff's Supplemental Response. The Court finds defendant's act in selling a CD which attributed plaintiff's Song to defendant violated the ODTPA, in that defendant knowingly made a false representation as to the author of the Song on the CDs he sold.[2] Therefore, the Court finds that defendant is not entitled summary judgment on plaintiff's claim of damages for defendant's violation of the ODTPA.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendant Danny Cox's Motion for Partial Summary Judgement and Brief in Support [docket no. 11].

**IT IS SO ORDERED this 21st day of August, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] Further, the Court agrees that defendant's reliance on *Conatzer* is misplaced. *Conatzer* related to claims of trademark infringement, and defendant has not provided, nor has the Court found, any authority that competition is required in claims of copyright infringement and violation of the ODTPA.